AO 106 (Rev. 04/10) Application for a Search Warrant          AUTHORIZED AND APPROVED/DATE: s/ Thomas B. Snyder 10/31/23

# UNITED STATES DISTRICT COURT
### for the
Western District of Oklahoma

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )          Case No.  MJ-23-894-SM
INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED )
(352) 501-9630, WITH INTERNATIONAL MOBILE SUBSCRIBER )
IDENTITY / ELECTRONIC SERIAL NUMBER 31060027025157, THAT IS )
STORED AT PREMISES CONTROLLED BY T-MOBILE )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____ District of _____ New Jersey _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | | *Offense Description* |
|---|---|---|
| 21 U.S.C. § 846 | Drug Conspiracy | |

The application is based on these facts:

See attached Affidavit of Special Agent Jeremy Epp, Drug Enforcement Administration (DEA).

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jeremy Epp, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  10/31/2023

_____
*Judge's signature*

City and state:  Oklahoma City, Oklahoma          Suzanne Mitchell, U.S. Magistrate Judge
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED (352) 501-9630, WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY / ELECTRONIC SERIAL NUMBER 31060027025157, THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE** | **Case No. M-23-894-SM**<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, DEA Special Agent Jeremy Epp, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number (352) 501-9630, with International Mobile Subscriber Identity/Electronic Serial Number 31060027025157 ("the **Target Cell Phone**"), that is stored at premises controlled by T-Mobile U.S., Inc. ("T-Mobile"), a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054. The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile to

disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2.     I am a Special Agent (SA) of the Drug Enforcement Administration (DEA). As such, I am "an investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, United States Code, Section 2516. I have been a DEA Special Agent since January 2018. After successfully completing the DEA Basic Agent Academy in Quantico, Virginia, I was assigned to the DEA Oklahoma City.

3.     The facts set forth in this affidavit are based upon my personal observations, my training and experience, reports provided to me by other law enforcement officers, and statements made by witnesses and other concerned parties. Since this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, I have not included each and every fact known to me concerning this investigation.

4.     Based on the facts set forth in this Affidavit, there is probable cause to believe that violations of 21 U.S.C. § 846, conspiracy to distribute and to possess with intent to distribute cocaine, has been committed by **Dewayne RAMDIAL**, and other known and unknown co-conspirators. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

2

## PROBABLE CAUSE

5.      On May 28, 2023 at approximately 6:14 p.m., Canadian County Sheriff's Office (CCSO) Deputy Maurice James conducted a traffic stop on a black Nissan Murano, bearing Florida License Plate (FLLP) SPR2R, on Interstate 40 near Gregory Road, El Reno, Oklahoma. Law enforcement indices determined FLLP SPR2R returns to a 2019 Nissan Murano registered to Syn Citi Entertainment, LLC, 4705 W. Concord Avenue, Orlando, Florida.   Prior to the traffic stop CCSO Deputy James observed the Nissan Murano commit a violation of traffic laws.

6.      CCSO Deputy James activated his emergency lights and initiated a traffic stop on the vehicle after observing the traffic violation. CCSO Deputy James contacted the driver and sole occupant, **Dewayne RAMDIAL** and identified him by his Florida driver's license. CCSO Deputy James had a brief conversation with **RAMDIAL** after explaining the traffic violation. **RAMDIAL** told CCSO Deputy James the vehicle he was driving was a business car of his friend and he was returning home to Florida after attending a tattoo convention in Albuquerque, New Mexico. **RAMDIAL** explained he was driving the Nissan Murano to keep miles off his personal vehicle.

7.      CCSO Deputy James returned to his patrol vehicle and conducted his records checks associated with the traffic stop and related enforcement checks. During the checks, CCSO Deputy James searched tattoo conventions in Albuquerque, New Mexico and was unable to locate a tattoo convention for the time **RAMDIAL** advised he was there. CCSO Deputy also located numerous trips that the Nissan Murano made from Florida to areas west of Texas, including through to the western edge of New Mexico. CCSO Deputy James

3

became suspicious of nature of **RAMDIAL's** travel based on his training, prior experience, and being unable to locate a convention, which **RAMDIAL** advised he attended. CCSO Deputy James brought **RAMDIAL** to his patrol vehicle to clarify some information. During the conversation **RAMDIAL** changed his story saying he was at a private convention only advertised on social media. CCSO Deputy James requested consent to search **RAMDIAL's** vehicle, which he denied.

8. CCSO Deputy James requested CCSO Deputy Preston Hodge to deploy his state certified K-9 partner for a free air sniff of the vehicle. Within approximately 5 minutes CCSO Deputy Hodge arrived and conducted a free air sniff with his K-9 and advised of a positive alert to the odor of illegal drugs inside of the vehicle.

9. During the probable cause search of the vehicle, CCSO Deputy James located two kilo-sized bricks of suspected cocaine behind a panel under the center console on the driver's side of the Nissan Murano. **RAMDIAL** was the lone occupant in the Nissan Murano and was traveling alone. CCSO Deputy later conducted a field test of the suspected cocaine and received a positive test. SA Epp and TFO Spratt later processed the suspected cocaine which weighed approximately 2,428.2 gross grams.

10. Following the traffic stop, law enforcement began investigating **RAMDIAL** and the vehicle further. In addition to the numerous trips made by the vehicle, DEA Oklahoma City also learned **RAMDIAL** had previously been stopped in Jacksonville, Florida in possession of a large amount of U.S. currency. That stop was related to an ongoing investigation in the Orlando area into suspected cocaine trafficking and in which **RAMDIAL** had been identified as a potential suspect.

4

11. Following **RAMDIAL's** arrest, law enforcement also obtained a search warrant for the two cell phones in **RAMDIAL's** possession. As mentioned above, the car in which **RAMDIAL** was arrested was documented travelling on the same general route of travel on several occasions earlier in 2023. A review of the content of **RAMDIAL's** cell phones indicated that on at least two of those prior occasions, **RAMDIAL** appears to have been the one in the car on those prior trips and that he appeared to stop in Phoenix, Arizona. Based on these observations, law enforcement believes that **RAMDIAL** likely made prior drug runs from Florida to somewhere in the Phoenix, Arizona area. The cell site location data for the **Target Cell Phone** sought by this warrant will help to confirm these prior trips and provide additional details of the exact dates and routes of **RAMDIAL's** travel.

12. Based on the foregoing, I believe there is probable cause to believe that **RAMDIAL** was involved in distribution of cocaine and in a conspiracy to do so. **RAMDIAL** had the **Target Cell Phone** in his possession incident to his arrest where cocaine was found in his vehicle. That fact, the prior travels of this particular vehicle and the nature of drug trafficking activities leads me to believe that **RAMDIAL** was likely using the **Target Cell Phone** to facilitate his illegal activity. Therefore, I submit there is probable cause to believe the information about the **Target Cell Phone** could lead to the discovery of evidence relating to the foregoing criminal activities and which would further the investigation in the Western District of Oklahoma, Orlando, Florida, and elsewhere.

13. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and

5

generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

14. Based on my training and experience, I know that T-Mobile can collect cell-site data about the **Target Cell Phone**. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

15. Based on my training and experience, I know that wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as T-Mobile typically collect and retain information

6

about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the **Target Cell Phone's** user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

16.    Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

17.    I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

18.    I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that

7

investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

Jeremy Epp
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on October 31, 2023.

SUZANNE MITCHELL
United States Magistrate Judge
Western District of Oklahoma

8

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (352) 501-9630 with International Mobile Subscriber Identity/Electronic Serial Number 31060027025157 ("the Account"), that are stored at premises controlled by T-Mobile U.S., Inc. ("T-Mobile"), ("the Provider"), headquartered at 4 Sylvan Way, Parsippany, NJ 07054.

## ATTACHMENT B

### Particular Things to be Seized

**I.    Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period from January 1, 2023 through May 28, 2023.

a.    The following information about the customers or subscribers of the Account:

i.    Names (including subscriber names, user names, and screen names);

ii.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

iii.    Local and long distance telephone connection records;

iv.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

v.    Length of service (including start date) and types of service utilized;

vi.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

> vii.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
>
> viii.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

b.    All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

> i.    the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and
>
> ii.    information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

## II.    Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 846 (Drug Conspiracy) involving **DEWAYNE RAMDIAL** and others during the period January 1, 2023 through May 28, 2023.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.